UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PCG Trading, LLC d/b/a CONVERGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BOSTON COMPUTER GROUP, INC., DAVID ) <br> INGEMI, CARMEN BOSSI and MICHAEL SAIA ) <br> ) <br> Defendants. ) | Civil Action No. <br><br> 04cv 12314 RGS |

## COMPLAINT

### PARTIES

1. The plaintiff, PCG Trading, LLC d/b/a Converge ("Converge"), is a Delaware limited liability company with a principal place of business at 4 Technology Drive in Peabody, Massachusetts.

2. The defendant, Boston Computer Group, Inc. ("BCG"), is a Massachusetts corporation with a principal place of business at 99 Washington Street in Melrose, Massachusetts.

3. The defendant, David Ingemi ("Ingemi") is an individual who resides at 53 Cushing Road in Meredith, New Hampshire 03253. Ingemi was, at all material times, the President, CEO and an employee of BCG.

4. The defendant, Michael Saia ("Saia") is an individual who resides at 14 Huntington Place, Hampton, in New Hampshire, 03842, Saia was, at all material times, an employee of BCG.

5. The defendant, Carmen Bossi ("Bossi") is an individual who resides at 23 Kinloch Drive, in Stratham, New Hampshire 03885. Bossi was, at all material times, an employee of BCG.

## JURISDICTION

6. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that the action arises under the Constitution, laws, or treaties of the United States; to wit, 18 U.S.C. § 2510 et seq., Wire and Electronic Communications Interception and Interception of Oral Communications (the "Federal Wiretap Act"). The Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1367 over (i) the claim arising under Mass. Gen. Laws c. 272, § 99, Interception of Wire and Oral Communications (the "Massachusetts Wiretap Act") and (ii) the claim arising under Mass. Gen. Laws c. 93A.

7. This Court has personal jurisdiction over BCG in that BCG has its principal place of business within the Commonwealth of Massachusetts and has derived substantial revenue from alleged unlawful acts, goods sold, used or consumed within Massachusetts, and the claims all arise out acts or omissions committed by BCG within Massachusetts.

8. This Court has personal jurisdiction over David Ingemi, Carmen Bossi and Michael Saia pursuant to Mass. Gen. Laws. C 223A, § 3(a), because a substantial part of the events giving rise to the claims in this action occurred in this judicial district and all of the individual Defendants transact substantial business in the State of Massachusetts.

## VENUE

9. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 in that the corporate defendant, BCG, is subject to personal jurisdiction in this judicial district and a substantial part of the events giving rise to the claims in this action occurred in this judicial district.

## FACTS

10. Converge is in the global business of purchasing and selling a wide range of electronic and computer components and equipment, including, without limitation, computer chips and other computer products, such as semiconductors, central processing units, memory and storage equipment, and integrated circuits, finished products and networking equipment.

11. BCG is also in the business of buying and selling electronic and computer components and equipment and is a competitor of Converge.

12. BCG has hired and employed several former employees of an entity then known as Converge, LLC, including Defendants Bossi, and Saia. Upon information and belief, BCG hired Bossi knowing that he had a non-compete agreement with Converge, LLC and allowed him to work for BCG under an assumed name for the period covered by the non-compete agreement.

13. Converge's Worldwide Director of Computer Products, Joseph Errico ("Errico"), has conducted a weekly conference call with certain of Converge's global sales and purchasing representatives since in or about September 2002. Each such conference call lasts approximately 45 minutes to one hour.

14. A representative from each of Converge's offices is responsible for dialing into these weekly conference calls by using the telephone number and a conference security code that Errico provides to them.

15. Among other things, Errico and his global sales and purchasing representatives discuss the following confidential and proprietary information during these calls: (i) month-to-date sales gross profits and purchasing gross profits; (ii) product availability for each region, the United States, Amsterdam and Singapore; (iii) pending transaction information; (iv) strategies to close key deals and open new accounts; (v) product requirements from existing customers; and (vi) names of current and potential customers and vendors.

16. Beginning in early April 2003, if not earlier, agents, employees and/or representatives of BCG began eavesdropping on these confidential and proprietary conference calls of Converge, without the knowledge, authorization or consent of Converge. The agents, employees and/or representatives of BCG would surreptitiously call into the conference calls from, among other locations, a telephone number registered to BCG, and silently listen in on the confidential and proprietary discussions.

17. Agents, employees and/or representatives of BCG eavesdropped on confidential and proprietary conference calls, without the knowledge, authorization or consent of Converge, on at least the following dates in 2003: April 22, April 29, May 6, May 13, May 20, May 27, June 3, June 10, June 24, and July 8.

18. Defendants Bossi and Saia were among the agents, employees and/or representatives of BCG who committed the unlawful acts described above.

19. Upon information and belief, Defendant Ingemi knew about, approved and participated in the unlawful acts described above.

## COUNT I – VIOLATION OF THE FEDERAL WIRETAP ACT; 18 U.S.C. § 2510 et seq.
### (Against All Defendants)

20. Converge restates and realleges the averments set forth in paragraphs 1 through 19 above and incorporates them herein.

21. By the above stated acts and omissions, BCG, by and through its agents, employees and/or representatives, including Ingemi, Saia and Bossi, intercepted, disclosed and/or intentionally used Converge's wire, oral and/or electronic communications in violation of the Federal Wiretap Act.

BO1 15641499.1

22.    As a result of Defendants' violations of the Federal Wiretap Act, Converge has suffered irreparable harm for which there is no adequate remedy at law and damages.

## COUNT II – VIOLATION OF THE MASSACHUSETTS WIRETAP ACT;

### Mass. Gen. Laws c. 272,

### (Against All Defendants)

23.    Converge restates and realleges the averments set forth in paragraphs 1 through 22 above and incorporates them herein.

24.    By the above stated acts and omissions, BCG, by and through its agents, employees and/or representatives, including Ingemi, Saia and Bossi, intercepted, disclosed and/or used Converge's oral and/or wire communications, without permission or authorization, in violation of the Massachusetts Wiretap Act.

25.    By the above stated acts and omissions, BCG, by and through its agents, employees and/or representatives, including Ingemi, Saia and Bossi, violated the personal and/or property interests and/or privacy of Converge without permission or authorization, in violation of the Massachusetts Wiretap Act.

26.    As a result of Defendants' violations of the Massachusetts Wiretap Act, Converge has suffered irreparable harm for which there is no adequate remedy at law and damages.

## COUNT III – VIOLATION OF THE MASSACHUSETTS REGULATION OF BUSINESS

### PRACTICES ACT: Mass. Gen. Laws c. 93A

### (Against All Defendants)

27.    Converge restates and realleges the averments set forth in paragraphs 1 through 26 above and incorporates them herein.

28. At all times relevant hereto, Converge and BCG were engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws c. 93A.

29. Defendants BCG, Ingemi, Bossi and Saia engaged in unfair and deceptive acts and practices, in the conduct of their trade or commerce, to secure benefits for themselves and BCG.

30. Defendants' actions, as stated herein, were made in bad faith with knowledge or reason to know that their acts and omissions violated Mass. Gen. Laws c. 93A.

31. As a direct result of Defendants' unfair and deceptive acts and practices which occurred in the Commonwealth of Massachusetts Converge has suffered a loss.

32. As a direct and proximate result of Defendants' unfair and deceptive acts and practices, Converge has suffered substantial direct and consequential damages.

WHEREFORE, the plaintiff, Converge, requests this Court to:

a. Enter judgment in favor of Converge and against Defendants BCG, Ingemi, Bossi, and Saia on all counts;

b. On all Counts, enter a preliminary and permanent injunction, ordering Defendants BCG, Ingemi, Bossi and Saia to cease their illegal conduct as set forth herein, and not to use and confidential or proprietary information to directly or indirectly solicit, entice or induce any Converge customer to become a client, customer, OEM, distributor or reseller of BCG with respect to products or services which Converge sells;

c. On Count I, award Converge all damages to which it is entitled under 18 U.S.C. § 2520, including, without limitation, the sum of the actual damages suffered by Converge and any profits made by BCG, Ingemi, Bossi and Saia as a result of their violations, as well as punitive and statutory damages;

d. On Count I, award Converge reasonable attorney's fees and other litigation costs in accordance with 18 U.S.C. § 2520;

e. On Count II, award Converge all damages to which it is entitled under Mass. Gen Laws. c. 272, § 99, including, without limitation, actual damages, liquidated damages, and punitive damages;

f. On Count II, award Converge reasonable attorney's fees and other litigation disbursements reasonably incurred in accordance with Mass. Gen Laws. c. 272, § 99; and

BO1 15641499.1

g. On Count III, award Converge treble damages, interest costs and attorneys' fees pursuant to Mass. Gen. Laws, ch. 93A, § 11;

h. Grant Converge such other and further relief deemed appropriate and just.

                PCG Trading, LLC d/b/a CONVERGE

                By their attorneys,

                Richard Alfred (BBO 015000)
                Lynn A. Kappelman, (BBO 642017)
                Seyfarth Shaw LLP
                World Trade Center East
                Two Seaport Lane
                Suite 300
                Boston, MA 02210-2028
                Telephone:  (617) 946-4800
                Telecopier:  (617) 946-4801
                lkappelman@seyfarth.com

Dated: November 1, 2004