UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PCG TRADING, LLC D/B/A CONVERGE,

    Plaintiff,

vs.

BOSTON COMPUTER GROUP, INC.,
DAVID INGEMI, CARMEN BOSSI AND
MICHAEL SAIA,

    Defendants.

Civil Action No. 04 CV 12314RGS

**ANSWER AND CROSS-CLAIMS OF DEFENDANTS
BOSTON COMPUTER GROUP, INC.,
DAVID INGEMI AND MICHAEL SAIA**

Defendants Boston Computer Group, Inc. ("BCG"), David Ingemi ("Ingemi") and Michael Saia ("Saia") ("Defendants") submit their Answer and Cross-claims pursuant to Rules 8 and 13 of the Federal Rules of Civil Procedure.

First Defense

Defendants respond to the allegations contained in the numbered paragraphs of the Complaint of plaintiff PCG Trading, LLC d/b/a Converge ("Converge"), as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore deny the same.

2. Admitted.

3. Denied. Further responding, Defendants state that Mr. Ingemi is a resident of Melrose, Massachusetts and that he is CEO and an employee of BCG and was so at the times referenced in the Complaint.

4. Defendants admit only that Mr. Saia is employed by BCG and was so employed at the times referenced in the Complaint. The allegations contained in Paragraph 4 are otherwise denied.

5. Defendants admit, upon information and belief, the address of Carmen Bossi and admit that Bossi was an employee of BCG until June 15, 2004. The allegations contained in Paragraph 5 are otherwise denied.

6. The allegations contained in Paragraph 6 constitute a conclusion of law to which no response is required.

7. The allegations contained in Paragraph 7 constitute a conclusion of law to which no response is required. Insofar as those allegations are factual, Defendants deny that any of them engaged in any unlawful acts or omissions in Massachusetts or elsewhere and that they derived any revenue from any such purported misconduct.

8. The allegations contained in Paragraph 8 constitute a conclusion of law to which no response is required. Insofar as those allegations are factual, the Defendants deny that they engaged in any unlawful acts and that Ingemi or Saia personally have transacted any substantial business in Massachusetts.

9. The allegations contained in Paragraph 9 constitute a conclusion of law to which no response is required.

10. Defendants admit, upon information and belief, the allegations contained in Paragraph 10.

11. Defendants admit that BCG is in the business of buying and selling electronic and computer components and equipment and that BCG and Converge are competitors in some respects. The allegations contained in Paragraph 11 are otherwise denied.

12. As to the allegations contained in the first sentence of Paragraph 12, Defendants admit only that, at various times over the years, BCG has employed former employees of Converge, Inc. or Converge, LLC. Those allegations are otherwise denied. As to the allegations contained in the second sentence of Paragraph 12, Defendants admit only that, at the time BCG hired Bossi, Bossi advised BCG that he had a non-competition agreement with Converge, Inc. and that, during the course of his employment with BCG, BCG became aware that Bossi sometimes used an assumed name. Those allegations are otherwise denied.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore deny the same.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore deny the same.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore deny the same.

16. As to the allegations contained in the first sentence of Paragraph 16, Defendants admit only that, upon information and belief, in 2003 a person or persons then employed by BCG listened to portions of telephone conference calls that were initiated by employees or agents of Converge. Those allegations are otherwise denied. As to the allegations contained in the second sentence of Paragraph 16, Defendants admit only that, upon information and belief, a telephone registered to BCG was used on certain occasions to listen to those calls. Those allegations are otherwise denied. Further responding, Defendants specifically deny that the subject telephone calls were confidential or proprietary, that those communications were overheard without the knowledge, authorization or consent of Converge or its agents or employees, and that any

listening occurred with the authority or consent or for the benefit of BCG or its management, Ingemi or Saia.

17. Defendants admit only that, upon information and belief, in 2003 a person or persons then employed by BCG listened to portions of telephone conference calls that were initiated by employees or agents of Converge. Defendants are without knowledge or information sufficient to form a belief concerning the dates of any telephone calls that were overheard in part by a former employee of BCG and, accordingly, deny the remainder of the allegations contained in Paragraph 17. Further responding, Defendants specifically deny that the subject telephone calls were confidential or proprietary, that those communications were overheard without the knowledge, authorization or consent of Converge, and that any listening occurred with the knowledge or authority or for the benefit of Defendants.

18. Defendants admit, upon information and belief, that Carmen Bossi was involved in gaining access to and listening to one or more telephone conference calls involving Converge. The allegations contained in Paragraph 18 are otherwise denied.

19. Denied.

20. Defendants repeat and incorporate herein the responses set forth in Paragraphs 1 through 19 of this Answer.

21. The allegations contained in Paragraph 21 constitute conclusions of law to which no response is required. Insofar as those allegations are factual, they are denied.

22. Denied.

23. Defendants repeat and incorporate herein the responses set forth in Paragraphs 1 through 22 of this Answer.

4

24. The allegations contained in Paragraph 24 constitute conclusions of law to which no response is required. Insofar as those allegations are factual, they are denied.

25. The allegations contained in Paragraph 25 constitute conclusions of law to which no response is required. Insofar as those allegations are factual, they are denied.

26. Denied.

27. Defendants repeat and incorporate herein the responses set forth in Paragraphs 1 through 26 of this Answer.

28. The allegations contained in Paragraph 28 constitute conclusions of law to which no response is required.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## Second Defense

Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), as the Court lacks subject matter jurisdiction.

## Third Defense

Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), as the Complaint fails to state a claim upon which relief may be granted.

## Fourth Defense

Plaintiff's Complaint is barred, in whole or in part, by operation of the applicable statue of limitations.

<u>Fifth Defense</u>

Plaintiff's action should be dismissed for insufficient process and service of process.

<u>Sixth Defense</u>

Plaintiff's Complaint must fail because an employee or agent of Converge consented to or facilitated the acts of which it complains, insofar as such acts occurred.

<u>Seventh Defense</u>

Plaintiff's Complaint must fail because Converge was aware of and/or authorized the acts of which it complains, insofar as any such acts occurred.

<u>Eighth Defense</u>

The acts complained of, insofar as any such acts occurred, did not result in any financial benefit to the Defendants.

<u>Ninth Defense</u>

Converge was not harmed by the acts complained of, insofar as any such acts occurred.

<u>Tenth Defense</u>

Converge did not take reasonable measures to protect the confidentiality of the communications that are the subject of its Complaint.

<u>Eleventh Defense</u>

Any liability of BCG, Ingemi or Saia, which the Defendants expressly deny, is the result of acts of an employee of the Plaintiff, Koen van Leeuwen.

<u>Twelfth Defense</u>

Any liability of BCG, Ingemi or Saia, which the Defendants expressly deny, is the result of acts of third persons, for whose conduct these Defendants are not responsible.

### Thirteenth Defense

The acts complained of, insofar as any such acts occurred, were *ultra vires* and not authorized by BCG, David Ingemi or Saia.

### Fourteenth Defense

Plaintiff is not entitled to punitive damages, as Defendants engaged in no malicious, wanton or reckless conduct.

### Fifteenth Defense

Plaintiff's request for injunctive relief should be denied due to the doctrine of laches.

### Sixteenth Defense

Plaintiff's request for injunctive relief should be denied due to the doctrine of estoppel.

### Seventeenth Defense

Plaintiff's request for injunctive relief should be denied due to the doctrine of unclean hands.

### Eighteenth Defense

Plaintiff lacks standing to bring this action.

### Nineteenth Defense

Defendants reserve the right to assert any additional defenses that may become available through discovery.

WHEREFORE, Boston Computer Group, Inc., David Ingemi and Michael Saia request this Court to:

A.   Dismiss this action with prejudice and enter judgment in favor of BCG, Ingemi and Saia and against Plaintiff on all counts;

B.   Deny any request by Plaintiff for injunctive relief;

C. Deny any request by Plaintiff for compensatory or punitive damages; and

D. Grant such other and further relief as it deems just.

### CROSS-CLAIMS OF BOSTON COMPUTER GROUP, INC., DAVID INGEMI AND MICHAEL SAIA AGAINST CARMEN BOSSI

Defendants BCG, Ingemi and Saia assert these cross-claims for contribution, indemnification and damages against defendant Carmen Bossi ("Bossi") ("Cross-claim").

1. BCG, Ingemi and Saia repeat and incorporate by reference the statements contained in the numbered paragraphs of their Answer above, the same as if set forth fully herein.

2. Plaintiff PCG Trading, LLC d/b/a Converge ("Converge") has asserted claims for damages and other relief against BCG, Ingemi and Saia arising from alleged interception, disclosure and/or use of certain purportedly confidential or proprietary telephone conference calls involving Converge or an entity purportedly related to Converge ("eavesdropping").

3. BCG, Ingemi and Saia did not engage in or permit any of the misconduct alleged by Converge in its civil action, and have denied any such misconduct and any damages that it allegedly caused.

4. BCG, Ingemi and Saia nonetheless have incurred and may incur legal expenses to defend against that action.

5. Upon information and belief, while employed by BCG, Bossi knowingly participated in eavesdropping of certain telephone conference calls involving Converge.

6. Any such eavesdropping was engaged in without the authorization or consent of BCG, Ingemi or Saia.

8

7. Any such eavesdropping was inconsistent with the requirements of Bossi's employment by BCG and violated BCG policies.

8. Insofar as any such eavesdropping occurred on BCG premises or with the aid of any BCG equipment, Bossi misappropriated BCG's property for his own perceived gain and to BCG's detriment.

9. Although BCG, Ingemi and Saia deny that any of them received any financial benefit from any conduct alleged by Converge, they have incurred and may incur financial expenses to defend against Converge's civil action and to prosecute this Cross-claim.

10. Any eavesdropping by Bossi has placed BCG, Ingemi and Saia in a bad light and caused damage to their reputations and financial interests.

## COUNT I – CONTRIBUTION

11. BCG, Ingemi and Saia repeat and incorporate the allegations of Paragraphs 1 through 10 of this Cross-claim, as if fully set forth herein.

12. Insofar as Bossi engaged in the conduct attributed to any of the defendants named in Converge's action, he is legally obligated to BCG, Ingemi and Saia to pay, in full or in part, the costs of defending that action and any judgment or settlement of it.

WHEREFORE, BCG, Ingemi and Saia demand judgment in their favor and against Bossi in an amount adequate to compensate them for their harm, including any attorney fees and expenses incurred in defending Converge's action and in prosecuting this cross-claim, and such other and further relief as the court deems just.

## COUNT II – INDEMNIFICATION (LAW)

13. BCG, Ingemi and Saia repeat and incorporate the allegations of Paragraphs 1 through 12 of this Cross-claim, as if fully set forth herein.

14. Insofar as Bossi engaged in the conduct that is attributed to all of the defendants named in Converge's action, he is legally obligated to provide BCG, Ingemi and Saia with a defense against that action and to indemnify BCG, Ingemi and Saia against any judgment or settlement.

WHEREFORE, BCG, Ingemi and Saia demand entry of judgment in their favor and against Bossi; an order declaring and directing that Bossi defend BCG, Ingemi and Saia from any and all claims asserted by Converge in this action, and indemnify them against any judgment or settlement reached herein, together with any related interest or costs; award to BCG, Ingemi and Saia their attorney fees and costs incurred in this action; and such other and further relief as the court deems just.

## COUNT III – BAD LIGHT

15. BCG, Ingemi and Saia repeat and incorporate the allegations of Paragraphs 1 through 14 of this Cross-claim, as if fully set forth herein.

16. As a direct and proximate result of Bossi's conduct, BCG, Ingemi and Saia have been placed in a bad light and suffered harm to their reputations and financial interests.

17. Bossi acted intentionally or with reckless indifference to the financial and reputational interests of BCG, Ingemi and Saia.

18. The harm incurred by BCG, Ingemi and Saia was reasonably foreseeable to Bossi at the time of his conduct.

WHEREFORE, BCG, Ingemi and Saia demand judgment in their favor and against Bossi in an amount adequate to compensate them for their harm, together with their attorney fees and costs in this action, interest as permitted by law, and such other and further relief as the court deems just.

## COUNT IV – INDEMNIFICATION (CONTRACT)

19. BCG, Ingemi and Saia repeat and incorporate the allegations of Paragraphs 1 through 18 of this Cross-claim, as if fully set forth herein.

20. Insofar as Bossi may have communicated to any other BCG employee any information that was used in a way that violated any rights of Converge, Bossi's conduct breached warranties contained in his Employment Agreement with BCG.

21. Pursuant to his Employment Agreement with BCG, Bossi is bound to indemnify BCG from and against any claim or damage resulting from any such conduct.

WHEREFORE, BCG, Ingemi and Saia demand entry of judgment in their favor and against Bossi; an order declaring and directing that Bossi defend BCG, Ingemi and Saia from any and all claims asserted by Converge in this action, and indemnify them against any judgment or settlement reached herein, together with any related interest or costs; award to BCG, Ingemi and Saia their attorney fees and costs incurred in this action; and such other and further relief as the court deems just.

BOSTON COMPUTER GROUP,
DAVID INGEMI AND MICHAEL SAIA,

By their attorneys,

_____
Steven J. Brooks, BBO # 059140
Daniel R. Deutsch, BBO # 551744
DEUTSCH WILLIAMS BROOKS
  DeRENSIS & HOLLAND, P.C.
99 Summer Street
Boston, MA 02110-1213
(617) 951-2300
(617) 951-2323 (facsimile)
ddeutsch@dwboston.com

Date: November 16, 2004

11

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by *first-class mail* on this date.

[signature]

DWLIB 170488v1
6326/01