# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PCG Trading, LLC d/b/a Converge,<br>    Plaintiff<br><br>v.<br><br>Boston Computer Group, Inc.,<br>David Ingemi, Carmen Bossi and Michael Saia,<br>    Defendants | CIVIL ACTION NO. 04 CV 12314 RGS |

### ANSWER OF DEFENDANT, CARMEN BOSSI, TO CROSSCLAIMS OF DEFENDANTS, BOSTON COMPUTER GROUP, INC., DAVID INGEMI AND MICHAEL SAIA

### First Defense

NOW COMES Carmen Bossi ("Bossi") and answers the Crossclaims of Boston Computer Group ("BCG"), David Ingemi ("Ingemi") and Michael Saia ("Saia") as follows:

1. Bossi repeats and incorporates by reference the statements, denials and admissions as set forth within the numbered paragraphs of his Answer to the original Complaint as previously filed as though the same were completely set forth herein.

2. Bossi admits the allegations contained in paragraph two (2) of Crossclaim.

3. Bossi denies the allegations contained in paragraph three (3) of Crossclaim. BCG, Ingemi and Saia did engage in and permitted the misconduct alleged by Converge within the Complaint but have denied the same.

4. Bossi neither admits nor denies the allegations contained in paragraph four (4) of Crossclaim as he has insufficient information to reply.

5. Bossi denies the allegations contained in paragraph five (5) of Crossclaim.

6. Bossi denies the allegations contained in paragraph six (6) of Crossclaim.

7. Bossi denies the allegations contained in paragraph seven (7) of Crossclaim.

8. Bossi denies the allegations contained in paragraph eight (8) of Crossclaim.

9. Bossi neither admits nor denies the allegations contained in paragraph nine (9) of Crossclaim as he has insufficient knowledge to reply.

DALTON & BARON
ATTORNEYS AT LAW
68 MAIN STREET
POST OFFICE BOX 608
ANDOVER
MASSACHUSETTS 01810
(978) 470-1320

10. Bossi denies the allegations contained in paragraph ten (10) of Crossclaim.

### Count I – Contribution

11. Bossi repeats and incorporates the denials and admissions as set forth above within paragraphs 1 through 10 as if fully set forth herein.

12. Bossi denies the allegations contained in paragraph twelve (12) of Crossclaim.

WHEREFORE Bossi demands judgment in his favor together with fees and costs and other such further relief as the Court deems just.

### Count II – Indemnification (Law)

13. Bossi repeats and incorporates the denials and admissions as set forth above within paragraphs 1 through 12 as if fully set forth herein.

14. Bossi denies the allegations contained in paragraph fourteen (14) of Crossclaim.

WHEREFORE Bossi demands judgment in his favor together with fees and costs and other such further relief as the Court deems just

### Count III – Bad Light

15. Bossi repeats and incorporates the denials and admissions as set forth above within paragraphs 1 through 14 as if fully set forth herein.

16. Bossi denies the allegations contained in paragraph sixteen (16) of Crossclaim.

17. Bossi denies the allegations contained in paragraph seventeen (17) of Crossclaim

18. Bossi denies the allegations contained in paragraph eighteen (18) of Crossclaim

WHEREFORE Bossi demands judgment in his favor together with fees and costs and other such further relief as the Court deems just.

### Count IV – Indemnification (Contract)

19. Bossi repeats and incorporates the denials and admissions as set forth above within paragraphs 1 through 18 as if fully set forth herein.

20. Bossi denies the allegations contained in paragraph twenty (20) of Crossclaim.

DALTON & BARON
ATTORNEYS AT LAW
68 MAIN STREET
POST OFFICE BOX 1508
ANDOVER
MASSACHUSETTS 01810
(978) 470-1320

21.    Bossi denies the allegations contained in paragraph twenty-one (21) of Crossclaim

WHEREFORE Bossi demands judgment in his favor together with fees and costs incurred in defending the Crossclaim and other such further relief as the Court deems just.

### Second Defense

The Defendants, BCG, Ingemi and Saia's Crossclaims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) as the Court lacks subject matter jurisdiction.

### Third Defense

The Crossclaims filed by BCG, Ingemi and Saia must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as the Crossclaims fail to state a claim upon which relief may be granted.

### Fourth Defense

The Crossclaims filed by BCG, Ingemi and Saia are barred, in whole or in part, by the operable statute of limitations as defined by M.G.L. Ch. 260.

### Fifth Defense

The Crossclaims filed by BCG, Ingemi and Saia should be dismissed for insufficient process and service of process.

### Sixth Defense

The Crossclaims filed by BCG, Ingemi and Saia must fail because an employee or agent of PCG Trading, LLC d/b/a Converge consented to or facilitated the alleged acts of which it complains insofar as such acts may have occurred.

### Seventh Defense

The Crossclaims filed by BCG, Ingemi and Saia must fail because the Defendants were aware of and/or authorized the acts of which they complained, insofar as they may have occurred.

### Eighth Defense

Any acts complained of by the Defendants within the Crossclaims must fail as any such acts which occurred did not result in any financial benefit to Bossi.

### Ninth Defense

DALTON & BARON
ATTORNEYS AT LAW
68 MAIN STREET
POST OFFICE BOX 608
ANDOVER
MASSACHUSETTS 01810
(978) 470-1320

The Defendants were not harmed by the alleged acts of the Defendant Bossi insofar as such acts may have occurred and were alleged within the Crossclaim.

### Tenth Defense

Any alleged liability of Bossi, which Bossi specifically and expressly denies, is the result of the acts of the employees of and the Defendants BCG, Ingemi and Saia.

### Eleventh Defense

Any alleged liability of Bossi which Bossi denies is the result of acts of third persons for whose conduct Bossi is not responsible.

### Twelfth Defense

The acts complained of by the Defendants within the Crossclaims insofar as any such acts occurred were authorized by the Defendants, BCG, Ingemi and Saia.

### Thirteenth Defense

BCG, Ingemi and Saia are not entitled to punitive damages as the Defendant Bossi engaged in no malicious, wanton or reckless conduct.

### Fourteenth Defense

The Defendants lack standing to bring Cross actions against other Defendants.

### Fifteenth Defense

Bossi reserves the right to assert any additional defenses as the same may become available.

WHEREUPON Bossi requests this Court:

A.   Dismiss, with prejudice, the Crossclaims commenced by the Defendants, BCG, Ingemi and Saia;
B.   Award to the Defendant Bossi his costs and attorney's fees for defending the Crossclaims;
C.   Order such further relief as may be meet and just.

DALTON & BARON
ATTORNEYS AT LAW
68 MAIN STREET
POST OFFICE BOX 608
ANDOVER
MASSACHUSETTS 01810
(978) 470-1320

DATED: December 9, 2004

Respectfully Submitted,
Carmen Bossi,
by his attorney,

*[signature]*
Charles F. Dalton, Jr.
Dalton & Baron
68 Main Street
P.O. Box 608
Andover, MA 01810
978-470-1320
BBO #112640

CERTIFICATE OF SERVICE

I, Charles F. Dalton, Jr., hereby certify that on this date, a copy of the foregoing was forwarded, postage prepaid, to:

1. Richard Alfred, Esquire, Lynn A. Kappelman, Esquire, Seyfarth Shaw LLP, World Trade Center East, 2 Seaport Lane, Suite 300, Boston, MA 02210-2028; and
2. Daniel R. Deutsch, Esquire, 99 Summer Street, Boston, MA 02110

DATED: December 9, 2004

*[signature]*
Charles F. Dalton, Jr.

DALTON & BARON
ATTORNEYS AT LAW
68 MAIN STREET
POST OFFICE BOX 608
ANDOVER
MASSACHUSETTS 01810
(978) 470-1320