# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PCG Trading, LLC d/b/a Converge,<br>　　　　Plaintiff<br><br>　　v.<br><br>Boston Computer Group, Inc.,<br>David Ingemi, Carmen Bossi and Michael Saia,<br>　　　　Defendants | CIVIL ACTION NO. 04 CV 12314 RGS |

## ANSWER OF DEFENDANT, CARMEN BOSSI

NOW COMES Carmen Bossi, a Defendant in the above-entitled action and answers the Plaintiff's Complaint pursuant to Rules 8 and 13 of the Fed. R. Civ. P. as follows:

### First Defense

1. Defendant neither admits nor denies the allegations contained in paragraph one (1) of Plaintiff's complaint as the Defendant has no personal knowledge of the same.

2. Defendant neither admits nor denies the allegations contained in paragraph two (2) of Plaintiff's complaint as the Defendant has no personal knowledge of the same.

3. Defendant admits in part and denies in part the allegations contained in paragraph three (3) of Plaintiff's complaint. Defendant further states that he has no personal knowledge of the residence of the Defendant, David Ingemi, but does recall that David Ingemi was an officer of the Defendant, Boston Computer Group, Inc ("BCG").

4. Defendant admits in part and denies in part the allegations contained in paragraph four (4) of Plaintiff's complaint. Defendant further states that he has no personal knowledge of the residence of the Defendant, Michael Saia, but does recall that Michael Saia was an officer of the Defendant, Boston Computer Group, Inc ("BCG").

5. Defendant admits his place of residence but denies that all material times he was an employee of BCG, although he does admit being an employee for a specific period of time.

6. Defendant neither admits nor denies the allegations contained in paragraph six (6) of Plaintiff's complaint and calls upon the Plaintiff to prove the same.

7. Defendant neither admits nor denies the allegations contained in paragraph seven (7) of Plaintiff's complaint and calls upon the Plaintiff to prove the same.

8. Defendant neither admits nor denies the allegations contained in paragraph eight (8) of Plaintiff's complaint and calls upon the Plaintiff to prove the same.

9. Defendant neither admits nor denies the allegations contained in paragraph nine (9) of Plaintiff's complaint and calls upon the Plaintiff to prove the same.

10. Defendant neither admits nor denies the allegations contained in paragraph ten (10) of Plaintiff's complaint as the Defendant has no personal knowledge of the same.

11. Defendant admits the allegations as contained within paragraph eleven (11) of the Plaintiff's Complaint.

12. Defendant admits to being a former employee of Converge, LLC but has no personal knowledge of what Converge knew about him prior to being hired by the Defendant, Boston Computer Group, Inc ("BCG").

13. Defendant neither admits nor denies the allegations contained within paragraph thirteen (13) of Plaintiff's complaint as the Defendant has no personal knowledge of the same.

14. Defendant neither admits nor denies the allegations contained within paragraph fourteen (14) of Plaintiff's complaint as the Defendant has no personal knowledge of the same.

15. Defendant neither admits nor denies the allegations contained within paragraph fifteen (15) of Plaintiff's complaint as the Defendant has no personal knowledge of the same.

16. Defendant denies the allegations as contained within paragraph sixteen (16) of the Plaintiff's Complaint.

17. Defendant denies the allegations as contained within paragraph seventeen (17) of the Plaintiff's Complaint.

18. Defendant denies the allegations as contained within paragraph eighteen (18) of the Plaintiff's Complaint.

19. Defendant denies the allegations as contained within paragraph nineteen (19) of the Plaintiff's Complaint.

20. Defendant reaffirms his denials and admissions as previously mentioned within paragraphs one (1) through nineteen (19).

21. Defendant denies the allegations as contained within paragraph twenty-one (21) of the Plaintiff's Complaint.

22. Defendant denies the allegations as contained within paragraph twenty-two (22) of the Plaintiff's Complaint.

23. Defendant reaffirms his denials and admissions as previously mentioned within paragraphs one (1) through twenty-two (22).

24. Defendant denies the allegations as contained within paragraph twenty-four (24) of the Plaintiff's Complaint.

25. Defendant denies the allegations as contained within paragraph twenty-five (25) of the Plaintiff's Complaint.

26. Defendant denies the allegations as contained within paragraph twenty-six (26) of the Plaintiff's Complaint.

27. Defendant reaffirms his denials and admissions as previously mentioned within paragraphs one (1) through twenty-six (26).

28. Defendant neither admits nor denies the allegations contained in paragraph twenty-eight (28) of Plaintiff's complaint as this is a question of law of which he has no personal knowledge.

29. Defendant denies the allegations as contained within paragraph twenty-nine (29) of the Plaintiff's Complaint.

30. Defendant denies the allegations as contained within paragraph thirty (30) of the Plaintiff's Complaint.

31. Defendant denies the allegations as contained within paragraph thirty-one (31) of the Plaintiff's Complaint.

32. Defendant denies the allegations as contained within paragraph thirty-two (32) of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### Second Defense

Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) as the Court lacks subject matter jurisdiction.

### Third Defense

Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as the Complaint fails to state a claim upon which relief may be granted.

### Fourth Defense

Plaintiff's Complaint is barred, in whole or in part, by the operable statute of limitations as defined by M.G.L. Ch. 260.

### Fifth Defense

Plaintiff's action should be dismissed for insufficient process and service of process.

### Sixth Defense

Plaintiff's Complaint must fail due to the fact that an employee or agent of PCG Trading LLC d/b/a Converge was aware of and/or authorized the alleged acts of which it complains insofar as such acts may have occurred.

### Seventh Defense

The Plaintiff's Complaint must fail because an employee or agent of PCG Trading, LLC d/b/a Converge consented to or facilitated the alleged acts of which it complains insofar as such acts may have occurred.

### Eighth Defense

The acts of which are complained, insofar as may have occurred, did not result in any financial benefit to the Defendant.

### Ninth Defense

PCG Trading, LLC d/b/a Converge was not harmed by the alleged acts of the Defendant insofar as such acts may have occurred.

### Tenth Defense

PCG Trading, LLC d/b/a Converge did not take any reasonable measures to protect the confidentiality and secrecy of the communications which are mentioned within the Complaint.

### Eleventh Defense

Any alleged liability of Bossi, which Bossi specifically and expressly denies, are rather the result of the acts of an employee of Converge, namely Koen van Leeuwen and other individuals.

### Twelfth Defense

The acts of which are complained, insofar as they affect the Defendant Bossi, were conducted, authorized and approved by Boston Computer Group, David Ingemi and Michael Saia, who were the direct superiors of Bossi.

### Thirteenth Defense

Bossi was not responsible for any acts which could be construed to be malicious, wanton or reckless insofar as any such acts occurred and thus the Plaintiff is not entitled to punitive damages.

### Fourteenth Defense

Defendant Bossi reserves the right to assert any additional defenses as the same may become available.

WHEREUPON the Defendant, Carmen Bossi, requests this Court to:

1. Dismiss the Plaintiff's Complaint;

2. Enter Judgment in favor of the Defendant, Carmen Bossi.

3. Award the Defendant payment of his legal fees and costs.

4. Order such other relief as may be just and equitable.

DATED:   December 8, 2004

Respectfully Submitted,
Carmen Bossi,
by his attorney,

Charles F. Dalton, Jr.
Dalton & Baron
68 Main Street
P.O. Box 608
Andover, MA 01810
978-470-1320
BBO #112640

## CERTIFICATE OF SERVICE

I, Charles F. Dalton, Jr., hereby certify that on this date, a copy of the foregoing was forwarded, postage prepaid, to:

1. Richard Alfred, Esquire, Lynn A. Kappelman, Esquire, Seyfarth Shaw LLP, World Trade Center East, 2 Seaport Lane, Suite 300, Boston, MA 02210-2028; and
2. Daniel R. Deutsch, Esquire, 99 Summer Street, Boston, MA 02110

DATED:    December 8, 2004

Charles F. Dalton, Jr.